CRAIG N. HENTSCHEL
(CSB #66178)
CHentschel@dykema.com
DYKEMA GOSSETT PLLC
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 226-2181

ANDREW N. THOMASES
(CSB # 177339)
Andrew.Thomases@ropesgray.com
MARTA F. BELCHER
(CSB #306738)
Marta.Belcher@ropesgray.com
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090

MATTHEW J. RIZZOLO
(*pro hac vice*)
Matthew.Rizzolo@ropesgray.com
ROPES & GRAY LLP
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-6807
Telephone: (202) 508-4735
Facsimile: (202) 383-7777

*Attorneys for Defendant*
*Extreme Networks, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, <br><br> Plaintiff, <br><br> vs. <br><br> EXTREME NETWORKS, INC., <br><br> Defendant. | Case No.: 2:17-cv-2953 AG(JCGx) <br><br> [Assigned to Hon. Andrew J. Guilford] <br><br> **DEFENDANT EXTREME NETWORKS, INC.'S ANSWER TO PLAINTIFF XR COMMUNICATIONS, LLC'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Defendant Extreme Networks, Inc. ("Extreme") answers the Second Amended Complaint for Patent Infringement of XR Communications, LLC d/b/a Vivato Technologies ("Vivato"), filed on June 28, 2017 ("the Complaint"), as follows. All allegations not expressly admitted herein are denied.

## JURISDICTION AND VENUE

1.     Extreme admits that the Complaint purports to allege a claim for relief for infringement of United States patents, but denies any wrongdoing. The remaining allegations of Paragraph 1 of the Complaint constitute legal contentions or conclusions, to which no response is required. To the extent that a response is required, Extreme denies the allegations.

## THE PARTIES

2.     Extreme lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore denies them.

3.     Extreme admits the allegations of Paragraph 3 of the Complaint.

4.     The allegations of Paragraph 4 of the Complaint constitute legal contentions or conclusions, to which no response is required. To the extent that a response is required, Extreme admits that its principal place of business is in California, but denies the remainder of the allegations.

5.     The allegations of Paragraph 5 of the Complaint constitute legal contentions or conclusions, to which no response is required. To the extent that a response is required, Extreme denies the allegations.

## BACKGROUND OF THE TECHNOLOGY

6.     Extreme is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, and therefore denies them.

-2-

1      7.      Extreme is without knowledge or information sufficient to form a
2 belief as to the truth of the allegations of Paragraph 7 of the Complaint, and
3 therefore denies them.

4      8.      Extreme is without knowledge or information sufficient to form a
5 belief as to the truth of the allegations of Paragraph 8 of the Complaint, and
6 therefore denies them.

7
8

**COUNT ONE: INFRINGEMENT OF UNITED STATES PATENT NO.
7,062,296**

9      9.      Extreme admits that, on its face, the '296 Patent purports to have been
10 issued by the United States Patent and Trademark Office on June 13, 2006, and
11 that the '296 Patent appears to be titled "Forced Beam Switching in Wireless
12 Communication Systems Having Smart Antennas." Extreme is without knowledge
13 or information sufficient to form a belief as to the remaining allegations of
14 Paragraph 9 of the Complaint, and therefore denies them.

15      10.      The allegations of Paragraph 10 of the Complaint constitute legal
16 contentions or conclusions, to which no response is required. To the extent that a
17 response is required, Extreme denies the allegations.

18      11.      The allegations of Paragraph 11 of the Complaint constitute legal
19 contentions or conclusions, to which no response is required. To the extent that a
20 response is required, Extreme denies the allegations.

21      12.      The allegations of Paragraph 12 of the Complaint constitute legal
22 contentions or conclusions, to which no response is required. To the extent that a
23 response is required, Extreme denies the allegations.

24      13.      The allegations of Paragraph 13 of the Complaint constitute legal
25 contentions or conclusions, to which no response is required. To the extent that a
26 response is required, Extreme denies the allegations.

27
28

DEFENDANT'S ANSWER TO THE SECOND AMENDED COMPLAINT     CASE NO. 2:17-CV-2953 AG (JCGX)

1      14.    The allegations of Paragraph 14 of the Complaint constitute legal
2  contentions or conclusions, to which no response is required.  To the extent that a
3  response is required, Extreme denies the allegations.

4      15.    The allegations of Paragraph 15 of the Complaint constitute legal
5  contentions or conclusions, to which no response is required.  To the extent that a
6  response is required, Extreme denies the allegations.

7      16.    The allegations of Paragraph 16 of the Complaint constitute legal
8  contentions or conclusions, to which no response is required.  To the extent that a
9  response is required, Extreme denies the allegations.

10      17.    The allegations of Paragraph 17 of the Complaint constitute legal
11  contentions or conclusions, to which no response is required.  To the extent that a
12  response is required, Extreme denies the allegations.

13      18.    The allegations of Paragraph 18 of the Complaint constitute legal
14  contentions or conclusions, to which no response is required.  To the extent that a
15  response is required, Extreme denies the allegations.

16      19.    The allegations of Paragraph 19 of the Complaint constitute legal
17  contentions or conclusions, to which no response is required.  To the extent that a
18  response is required, Extreme denies the allegations.

19      20.    The allegations of Paragraph 20 of the Complaint constitute legal
20  contentions or conclusions, to which no response is required.  To the extent that a
21  response is required, Extreme denies the allegations.

22      21.    The allegations of Paragraph 21 of the Complaint constitute legal
23  contentions or conclusions, to which no response is required.  To the extent that a
24  response is required, Extreme denies the allegations.

25      22.    The allegations of Paragraph 22 of the Complaint constitute legal
26  contentions or conclusions, to which no response is required.  To the extent that a
27  response is required, Extreme denies the allegations.

28

23.     The allegations of Paragraph 23 of the Complaint constitute legal contentions or conclusions, to which no response is required.  To the extent that a response is required, Extreme denies the allegations.

24.     The allegations of Paragraph 24 of the Complaint constitute legal contentions or conclusions, to which no response is required.  To the extent that a response is required, Extreme denies the allegations.

## COUNT TWO: INFRINGEMENT OF UNITED STATES PATENT NO. 7,729,728

25.     Extreme admits that, on its face, the '728 Patent purports to have been issued by the United States Patent and Trademark Office on June 1, 2010, and that the '728 Patent appears to be titled "Forced Beam Switching in Wireless Communication Systems having Smart Antennas." Extreme is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 25 of the Complaint, and therefore denies them.

26.     The allegations of Paragraph 26 of the Complaint constitute legal contentions or conclusions, to which no response is required.  To the extent that a response is required, Extreme denies the allegations.

27.     The allegations of Paragraph 27 of the Complaint constitute legal contentions or conclusions, to which no response is required.  To the extent that a response is required, Extreme denies the allegations.

28.     The allegations of Paragraph 28 of the Complaint constitute legal contentions or conclusions, to which no response is required.  To the extent that a response is required, Extreme denies the allegations.

29.     The allegations of Paragraph 29 of the Complaint constitute legal contentions or conclusions, to which no response is required.  To the extent that a response is required, Extreme denies the allegations.

1    30.    The allegations of Paragraph 30 of the Complaint constitute legal
2  contentions or conclusions, to which no response is required.  To the extent that a
3  response is required, Extreme denies the allegations.

4    31.    The allegations of Paragraph 31 of the Complaint constitute legal
5  contentions or conclusions, to which no response is required.  To the extent that a
6  response is required, Extreme denies the allegations.

7    32.    The allegations of Paragraph 32 of the Complaint constitute legal
8  contentions or conclusions, to which no response is required.  To the extent that a
9  response is required, Extreme denies the allegations.

10    33.    The allegations of Paragraph 33 of the Complaint constitute legal
11  contentions or conclusions, to which no response is required.  To the extent that a
12  response is required, Extreme denies the allegations.

13    34.    The allegations of Paragraph 34 of the Complaint constitute legal
14  contentions or conclusions, to which no response is required.  To the extent that a
15  response is required, Extreme denies the allegations.

16    35.    The allegations of Paragraph 35 of the Complaint constitute legal
17  contentions or conclusions, to which no response is required.  To the extent that a
18  response is required, Extreme denies the allegations.

19    36.    The allegations of Paragraph 36 of the Complaint constitute legal
20  contentions or conclusions, to which no response is required.  To the extent that a
21  response is required, Extreme denies the allegations.

22    37.    The allegations of Paragraph 37 of the Complaint constitute legal
23  contentions or conclusions, to which no response is required.  To the extent that a
24  response is required, Extreme denies the allegations.

25    38.    The allegations of Paragraph 38 of the Complaint constitute legal
26  contentions or conclusions, to which no response is required.  To the extent that a
27  response is required, Extreme denies the allegations.

28

1   39.   The allegations of Paragraph 39 of the Complaint constitute legal
2   contentions or conclusions, to which no response is required. To the extent that a
3   response is required, Extreme denies the allegations.

4   40.   The allegations of Paragraph 40 of the Complaint constitute legal
5   contentions or conclusions, to which no response is required. To the extent that a
6   response is required, Extreme denies the allegations.

7   41.   The allegations of Paragraph 41 of the Complaint constitute legal
8   contentions or conclusions, to which no response is required. To the extent that a
9   response is required, Extreme denies the allegations.

10   42.   The allegations of Paragraph 42 of the Complaint constitute legal
11   contentions or conclusions, to which no response is required. To the extent that a
12   response is required, Extreme denies the allegations.

13   43.   The allegations of Paragraph 43 of the Complaint constitute legal
14   contentions or conclusions, to which no response is required. To the extent that a
15   response is required, Extreme denies the allegations.

16   **COUNT THREE: INFRINGEMENT OF UNITED STATES PATENT NO.**
17   **6,611,231**

18   44.   Extreme admits that, on its face, the '231 Patent purports to have been
19   issued by the United States Patent and Trademark Office on August 26, 2003, and
20   that the '231 Patent appears to be titled "Wireless Packet Switched Communication
21   Systems and Networks Using Adaptively Steered Antenna Arrays." Extreme is
22   without knowledge or information sufficient to form a belief as to the remaining
23   allegations of Paragraph 44 of the Complaint, and therefore denies them.

24   45.   The allegations of Paragraph 45 of the Complaint constitute legal
25   contentions or conclusions, to which no response is required. To the extent that a
26   response is required, Extreme denies the allegations.

27
28

1    46.    The allegations of Paragraph 46 of the Complaint constitute legal
2    contentions or conclusions, to which no response is required.  To the extent that a
3    response is required, Extreme denies the allegations.

4    47.    The allegations of Paragraph 47 of the Complaint constitute legal
5    contentions or conclusions, to which no response is required.  To the extent that a
6    response is required, Extreme denies the allegations.

7    48.    The allegations of Paragraph 48 of the Complaint constitute legal
8    contentions or conclusions, to which no response is required.  To the extent that a
9    response is required, Extreme denies the allegations.

10   49.    The allegations of Paragraph 49 of the Complaint constitute legal
11   contentions or conclusions, to which no response is required.  To the extent that a
12   response is required, Extreme denies the allegations.

13   50.    The allegations of Paragraph 50 of the Complaint constitute legal
14   contentions or conclusions, to which no response is required.  To the extent that a
15   response is required, Extreme denies the allegations.

16   51.    The allegations of Paragraph 51 of the Complaint constitute legal
17   contentions or conclusions, to which no response is required.  To the extent that a
18   response is required, Extreme denies the allegations.

19   52.    The allegations of Paragraph 52 of the Complaint constitute legal
20   contentions or conclusions, to which no response is required. To the extent that a
21   response is required, Extreme denies the allegations.

22   53.    The allegations of Paragraph 53 of the Complaint constitute legal
23   contentions or conclusions, to which no response is required.  To the extent that a
24   response is required, Extreme denies the allegations.

25   54.    The allegations of Paragraph 54 of the Complaint constitute legal
26   contentions or conclusions, to which no response is required.  To the extent that a
27   response is required, Extreme denies the allegations.

28

55.     The allegations of Paragraph 55 of the Complaint constitute legal contentions or conclusions, to which no response is required.  To the extent that a response is required, Extreme denies the allegations.

56.     The allegations of Paragraph 56 of the Complaint constitute legal contentions or conclusions, to which no response is required.  To the extent that a response is required, Extreme denies the allegations.

57.     The allegations of Paragraph 57 of the Complaint constitute legal contentions or conclusions, to which no response is required.  To the extent that a response is required, Extreme denies the allegations.

58.     The allegations of Paragraph 58 of the Complaint constitute legal contentions or conclusions, to which no response is required.  To the extent that a response is required, Extreme denies the allegations.

## PRAYER FOR RELIEF

Extreme denies that Vivato is entitled to any relief, including the relief it seeks in Paragraphs (a) through (e) of its prayer for relief.

## DEMAND FOR JURY TRIAL

Extreme admits that Vivato purports to request a trial by jury on all issues so triable by right.

## DEFENSES

Extreme asserts the following defenses in response to the allegations of the Complaint and reserves the right to amend these defenses or assert additional defenses that become known through the course of discovery or otherwise.

## FIRST DEFENSE

### (Failure to State a Claim)

The allegations and claims in Vivato's Complaint, in whole or in part, fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

### (Non-infringement)

Extreme has not infringed and does not infringe any valid and enforceable claim of the '296, '728, or '231 Patents, either literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise.

## THIRD DEFENSE

### (Invalidity)

Each and every claim of the '296, '728, or '231 Patents is invalid for failure to meet the conditions and requirements for patentability set forth, *inter alia*, in 35 U.S.C. § 1, *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH DEFENSE

### (Prosecution History Estoppel and/or Disclaimer)

By virtue of statements, amendments made, or positions taken during prosecution of the application for the '296, '728, or '231 Patents and/or related patents or patent applications, Vivato is estopped from claiming that the '296, '728, or '231 Patents cover or include, either literally or by application of the doctrine of equivalents, any of Extreme's products, systems, services, or processes.

## FIFTH DEFENSE

### (Limitation on Damages)

Vivato's right to recover damages or costs, if any, in connection with the '296, '728, and '231 Patents is limited by at least 35 U.S.C. §§ 286, 287, and/or 288.

## SIXTH DEFENSE

### (Government Sales)

Vivato's claims for infringement as they relate to any product manufactured by Extreme for use by the United States is limited to the rights and remedies set

DEFENDANT'S ANSWER TO THE SECOND AMENDED COMPLAINT      CASE NO. 2:17-CV-2953 AG (JCGX)

1  forth in 28 U.S.C. §§ 1498.  Vivato cannot seek damages against Extreme for any
2  product made for and/or used by the United States.

3                              **SEVENTH DEFENSE**
4                             **(Equitable Defenses)**
5          Vivato's claims for relief are barred in whole or in part by the equitable
6  doctrines of laches, waiver, equitable estoppel, and/or unclean hands.

7                              **EIGHTH DEFENSE**
8                           **(License/Exhaustion)**
9          Vivato's claims for relief are barred in whole or in part by an express and/or
10  implied license, and/or by the doctrine of patent exhaustion.

11                              **NINTH DEFENSE**
12                   **(Injunctive Relief Is Inappropriate)**
13          Vivato is not entitled to injunctive relief because it cannot satisfy the four-
14  factor equitable test for injunctive relief: namely, Vivato cannot prove (1) that it
15  has suffered irreparable injury or harm; (2) that there is no adequate remedy at law
16  to otherwise compensate Plaintiff for the alleged infringement; (3) considering the
17  balance of hardships, an equitable remedy is warranted; and (4) that the public
18  interest would not be disserved by an injunction.

19                              **TENTH DEFENSE**
20                           **(Failure to Mitigate)**
21          Vivato's claims are barred in whole or in part by Vivato's failure to mitigate
22  damages.

23                            **ELEVENTH DEFENSE**
24                 **(Improper Venue / Forum Non Conveniens)**
25          Venue is improper in the Central District of California, and this district is an
26  inconvenient forum in which to litigate this action under 28 U.S.C. § 1404(a).

27

28

-11-

## RESERVATION OF RIGHTS

Extreme expressly reserves the right to assert additional defenses and/or counterclaims, whether available now or in the future, as discovery proceeds.

Dated: July 24, 2017

Respectfully submitted,

By: _____

CRAIG N. HENTSCHEL
(CSB #66178)
CHentschel@dykema.com
DYKEMA GOSSETT PLLC
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 226-2181

ANDREW N. THOMASES
(CSB #177339)
Andrew.Thomases@ropesgray.com
MARTA F. BELCHER (CSB #306738)
Marta.Belcher@ropesgray.com
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090

MATTHEW J. RIZZOLO
(*pro hac vice*)
Matthew.Rizzolo@ropesgray.com
ROPES & GRAY LLP
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-6807
Telephone: (202) 508-4735
Facsimile: (202) 383-7777

*Attorneys for Defendant*
*Extreme Networks, Inc.*

## DEMAND FOR JURY TRIAL

Extreme respectfully requests a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable.

Respectfully submitted,

Dated: July 24, 2017            By: _____

CRAIG N. HENTSCHEL
(CSB #66178)
CHentschel@dykema.com
DYKEMA GOSSETT PLLC
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 226-2181

ANDREW N. THOMASES
(CSB #177339)
Andrew.Thomases@ropesgray.com
MARTA F. BELCHER (CSB #306738)
Marta.Belcher@ropesgray.com
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090

MATTHEW J. RIZZOLO
(*pro hac vice*)
Matthew.Rizzolo@ropesgray.com
ROPES & GRAY LLP
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-6807
Telephone: (202) 508-4735
Facsimile: (202) 383-7777

*Attorneys for Defendant*
*Extreme Networks, Inc.*

-13-