**RUSS AUGUST & KABAT**
Marc A. Fenster, CA SBN 181067
mfenster@raklaw.com
Reza Mirzaie, CA SBN 246953
rmirzaie@raklaw.com
Philip X. Wang, CA SBN 262239
pwang@raklaw.com
Kent N. Shum, CA SBN 259189
kshum@raklaw.com
Christian Conkle, CA SBN 306374
cconkle@raklaw.com
James N. Pickens, CA SBN 307474
jpickens@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Tele:      310/826-7474
Fax:       310/826-6991

*Attorneys for Plaintiff*
XR COMMUNICATIONS, LLC
dba VIVATO TECHNOLOGIES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, <br><br> *Plaintiff*, <br><br> *v.* <br><br> ARUBA NETWORKS, INC., <br><br> *Defendant*. | Case No. 2:17-cv-02945-AG(JCGx) <br><br> **RULE 26(F) REPORT** <br><br> Scheduling Conference: October 2, 2017, at 9:00 a.m. <br><br> Hon. Andrew J. Guilford |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, <br><br> *Plaintiff*, | Case No. 5:17-cv-744-AG(JCGx) |

RUSS, AUGUST & KABAT

1

RUSS, AUGUST & KABAT

*v.*

NEWO CORPORATION d/b/a
AMPED WIRELESS,

   *Defendant.*

_____

XR COMMUNICATIONS, LLC, dba
VIVATO TECHNOLOGIES,

   *Plaintiff,*

   *v.*

EXTREME NETWORKS, INC.,

   *Defendant.*

_____

Case No. 2:17-cv-2953-AG(JCGx)

XR COMMUNICATIONS, LLC, dba
VIVATO TECHNOLOGIES,

   *Plaintiff,*

   *v.*

D-LINK SYSTEMS, INC.,

   *Defendant.*

_____

Case No. 8:17-cv-596-AG(JCGx)

XR COMMUNICATIONS, LLC, dba
VIVATO TECHNOLOGIES,

   *Plaintiff,*

   *v.*

BELKIN INTERNATIONAL, INC.,

   *Defendant.*

_____

Case No. 8:17-cv-674-AG(JCGx)

XR COMMUNICATIONS, LLC, dba
VIVATO TECHNOLOGIES,

   *Plaintiff,*

Case No. 2:17-cv-02951-AG(JCGx)

RULE 26(F) REPORT

*v.*

CISCO SYSTEMS, INC.,

*Defendant.*

---

XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,

*Plaintiff,*

*v.*

NETGEAR, INC.,

*Defendant.*

Case No. 2:17-cv-2959-AG(JCGx)

---

XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,

*Plaintiff,*

*v.*

UBIQUITI NETWORKS, INC.,

*Defendant.*

Case No. 2:17-cv-2968-AG(JCGx)

---

XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,

*Plaintiff,*

*v.*

ASUS COMPUTER INTERNATIONAL; and ASUSTEK COMPUTER, INC.,

*Defendants.*

Case No. 2:17-cv-2948-AG(JCGx)

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, the Court's Standing Patent Rules, the Court's Orders re Early Meeting of Parties and Scheduling Conference, and the Court's August 14, 2017 Order on Stipulation re Scheduling Conference, Plaintiff XR Communications, LLC, dba Vivato Technologies ("Vivato") and Defendants Aruba Networks, Inc. ("Aruba"), Newo Corporation d/b/a Amped Wireless ("Newo"), Extreme Networks, Inc. ("Extreme"), D-Link Systems, Inc. ("D-Link"), Belkin International, Inc. ("Belkin"), Cisco Systems, Inc. ("Cisco"), Netgear, Inc. ("Netgear"), Ubiquiti Networks, Inc. ("Ubiquiti"), and ASUS Computer International and ASUSTeK Computer, Inc. ("ASUS") (collectively, "Parties") hereby submit this Rule 26(f) Report. The Parties' discussion is reflected in this Report.

## 1.   SYNOPSIS

<u>Vivato's statement</u>: This is a patent litigation action. In April 2017, Vivato filed its Complaints in ten separate cases against Aruba, Newo, Extreme, D-Link, Belkin, Cisco, Netgear, Ubiquiti, ASUS, and Ruckus Wireless, Inc. ("Ruckus"), alleging infringement of U.S. Patent Nos. 7,062,296 ("'296 Patent"), 7,729,728 ("'728 Patent"), and 6,611,231 ("'231 Patent") (collectively, "Patents-in-Suit").[1] The Patents-in-Suit are directed to specific aspects of wireless communication, including adaptively steered antenna technology and beam-switching technology.

---

[1] The ten cases are as follows: *XR Commc'ns, LLC v. D-Link Sys., Inc.*, Case No. 8:17-cv-00596-AG(JCGx); *XR Commc'ns, LLC v. Belkin Int'l, Inc.*, Case No. 8:17-cv-00674-AG(JCGx); *XR Commc'ns, LLC v. Aruba Networks, Inc.*, Case No. 2:17-cv-02945-AG(JCGx); *XR Commc'ns, LLC v. Newo Corp.*, Case No. 5:17-cv-00744-AG(JCGx); *XR Commc'ns, LLC v. ASUS Computer Int'l*, Case No. 2:17-cv-02948-AG(JCGx); *XR Commc'ns, LLC v. Cisco Sys., Inc.*, Case No. 2:17-cv-02951-AG(JCGx); *XR Commc'ns, LLC v. Extreme Networks, Inc.*, Case No. 2:17-cv-02953-AG(JCGx); *XR Commc'ns, LLC v. Netgear, Inc.*, Case No. 2:17-cv-02959-AG(JCGx); *XR Commc'ns, LLC v. Ruckus Wireless, Inc.*, Case No. 2:17-cv-02961-AG(JCGx); and *XR Commc'ns, LLC v. Ubiquiti Networks, Inc.*, Case No. 2:17-cv-02968-AG(JCGx). The defendants in these ten cases are referred to collectively as "Defendants." Ruckus did not agree to join in this report. Vivato and Ruckus will file a separate Rule 26(f) report.

RUSS, AUGUST & KABAT

The Patents-in-Suit, along with over 20 other issued patents and pending patent applications, were developed by engineers at Vivato in the early 2000s.

Vivato was founded in 2000 as an $80+million venture-backed company with several key innovators in the wireless communication field, including Siavash Alamouti, Ken Biba, William Crilly, James Brennan, Edward Casas, and Vahid Tarokh, among many others. Wi-Fi/802.11 has become the ubiquitous wireless connection to the Internet and is now integrated into hundreds of millions of mobile devices globally. Vivato was founded to leverage its talent to generate intellectual property and deliver Wi-Fi/802.11 wireless connectivity solutions to service the growing demand for bandwidth.

Over the years, Vivato has developed proven technology, with over 400 deployments globally, including private, public, and government, and has become a recognized provider of extended-range Wi-Fi network-infrastructure solutions. Vivato's wireless base stations integrate beamforming phased-array antenna design with packet steering technology to deliver high-bandwidth extended-range connections to serve multiple users and multiple devices.

Vivato has asserted that Defendants' Wi-Fi access points and routers supporting MU-MIMO, including access points and routers using the IEEE 802.11ac-2013 standard (collectively, "Accused Products"), infringe the Patents-in-Suit. Vivato's infringement contentions and claim charts provide an example of how these products infringe the Patents-in-Suit. Vivato has asserted that Defendants infringe the Patents-in-Suit both directly and by inducing others to infringe the Patents-in-Suit.

The cases between Vivato and Defendants are related, for at least the reason that they concern the same Patents-in-Suit and will require claim construction of the same Patents-in-Suit. In the interest of judicial efficiency and conservation of the parties' resources, Vivato respectfully requests the Court to consolidate the ten cases for all pretrial purposes.

RUSS, AUGUST & KABAT

Defendants' statement: Defendants[2] are pioneering innovators in the networking and telecommunications industry.  Defendants offer a wide variety of wireless networking products, including the over 130 individual products accused in these ten separate cases.  Their products provide wireless connectivity in homes, offices, schools, and community hubs across the country.  Defendants collectively invest billions of dollars in research and development efforts to continuously improve the quality of their products and enable a more connected world.

Further, many Defendants participate in and/or contribute to the standardization of Wi-Fi technology through standards-setting organizations including the IEEE 802.11 Working Group for Wi-Fi ("IEEE 802.11").  The IEEE 802.11 standards, for example, provide the fundamental specifications for implementing Wi-Fi communications.  Thousands of members of IEEE 802.11, including dozens of Defendants' own employees, participate in the IEEE 802.11 Wi-Fi standards by attending meetings and making technical contributions.

In contrast to Defendants, Plaintiff XR Communications, LLC, dba Vivato Technologies, Inc., is not involved in the development or sale of any products or in the research and development of technology.  Instead, Vivato owns and is attempting to exploit the value of patents belonging to a different company, Vivato, Inc., which collapsed ten years ago, approximately six years after it was founded.  The patents-in-suit are vestiges of that failed company, which struggled to keep up with the rapid developments in the Wi-Fi space.  While Vivato Inc. was struggling to gain traction in the marketplace with its products, others—including many of the Defendants—were making substantial contributions to the IEEE 802.11 standards and developing innovative advancements to Wi-Fi technology.

---

[2] Defendants include: Asus Computer International and Asustek Computer, Inc. ("Asus"), Aruba Networks, Inc. ("Aruba"), Cisco Systems, Inc. ("Cisco"), Newo Corp. d/b/a Amped Wireless ("Amped"), Extreme Networks, Inc. ("Extreme Networks"), D-Link Systems, Inc. ("D-Link"), Belkin International, Inc. ("Belkin"), Netgear, Inc. ("Netgear"), and Ubiquiti Networks, Inc., ("Ubiquiti").

Even though Vivato Inc.'s products, and ultimately the company itself, failed a decade ago, Plaintiff has revived the Vivato name to assert these patents against Defendants.  Under the guise of this failed company, Plaintiff is now attempting to extract a fee from Defendants for technologies that it neither practices nor commercializes.

Defendants each dispute Vivato's allegations of infringement.  Defendants rely on their own technological developments, the developments of the IEEE 802.11 standards body, and the innovations of their component manufacturers, for example the Wi-Fi chipset manufacturers, to support the functionality of their 802.11ac access points and routers accused in this case.

In defending against these suits, the Defendants recognize that coordination of the 10 lawsuits may create efficiencies, such as easing the Court's burden associated with managing this series of cases.  In that spirit, Defendants do not oppose, in principle, pre-trial consolidation of all ten cases—including unitary briefing for claim construction and coordinated discovery limits—so long as some accommodation on the schedule, briefing and discovery limits is made to reflect the added challenges that arise from consolidation of this many actions involving dozens of different products.  While Plaintiff advocates for consolidation, it fails to recognize the burdens consolidation will place on Defendants and in many respects it proposes an "off the rack" schedule.  For example, Plaintiff's proposed schedule would force all ten defendants to coordinate and serve invalidity contentions two weeks from now, and then to coordinate a unified approach on claim construction with no additional time through the end of the year.

Plaintiff's approach is unreasonable.  If Defendants were to agree to consolidation, Defendants would make Plaintiff's life much easier: instead of ten sets of proposed claim terms, there would be one; instead of ten joint prehearing claim construction statements, there would be one; and instead of ten sets of claim construction briefs, there would be one.  In exchange, Defendants only seek (i) a

modest amount of time built into the schedule (one month on the invalidity contentions, for example) to permit the coordination of ten separate parties, across three patents, with 5 inventors, and 28 asserted claims; (ii) modest adjustments to the *Markman* briefing page limits; and (iii) modest adjustments to the deposition limitations. Defendants' approach on the schedule, briefing and discovery is a reasonable accommodation in light of the great efficiencies gained by an agreed process of pre-trial consolidation.

## 2. PRINCIPAL ISSUES

This is an action for patent infringement. The parties agree that the principal issues are likely to be as follows:

1. Whether any Defendant has infringed the Patents-in-Suit in violation of 35 U.S.C. §§ 271(a) and (b);

2. Whether any Defendant has willfully infringed the Patents-in-Suit, for those cases in which Plaintiff has alleged willful infringement, including:

   - *XR Communications, LLC, dba Vivato Technologies v. Cisco Systems Inc.*, Case No. 2:17-cv-02951

   - *XR Communications, LLC, dba Vivato Technologies v. Aruba Networks, Inc.*, Case No. 2:17-cv-02945

   - *XR Communications, LLC, dba Vivato Technologies v. Asus Computer International, et al.*, Case No. 2:17-cv-02948

3. Whether the Patents-in-Suit meet the conditions for patentability and enforceability and satisfy all of the requirements set forth in the provisions of 35 U.S.C. §§ 101, 102, 103, and 112;

4. The proper construction of the asserted claims of the Patents-in-Suit;

5. If the Patents-in-Suit are found to be infringed and valid, the amount, if any, of Vivato's damages and any enhanced damages under 35 U.S.C. § 284; and

RUSS, AUGUST & KABAT

6.  Whether attorneys' fees, costs, or expenses are recoverable under 35 U.S.C. §§ 284 and/or 285.

Further, Vivato believes an additional principal issue is likely to be as follows:

7.  The scope of the asserted claims of the Patents-in-Suit.

In addition to the foregoing issues, Defendants believe the following issues also are principal to this dispute:

8.  Whether the Patents-in-Suit are standard-essential patents that Plaintiff or any of its affiliates or predecessors failed to disclose to the relevant standard-setting body;

9.  Whether the accused functionality is located in the Wi-Fi component chipsets and whether technical information relevant to this case will reside primarily with the chipset suppliers, including suppliers not party to this case;

10. Whether Plaintiff's claims are barred in whole or in part by the doctrine of prosecution history estoppel or disclaimer or by equitable defenses, including but not limited to, acquiescence, estoppel, laches, waiver, or unclean hands; and

11. Whether Plaintiff's claims are barred in whole or in part due to lack of standing because the Patents-in-Suit were not properly assigned to Plaintiff prior to this action.

## 3.    DAMAGES

Vivato's statement: Defendants do not publicly disclose its revenue or sales for its Accused Products. Vivato cannot therefore provide an accurate range of provable damages at this time. Also, Vivato does not yet have the benefit of independent expert analysis of Defendants' damages information.

Defendants' statement: Defendants seek a declaration that Plaintiff take nothing by its claims and that Defendants are entitled to an award of their

reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285.  To the extent that Vivato is entitled to any damages for its claims of alleged infringement, Vivato is entitled to no more than a royalty rate consistent with FRAND terms.  In addition, certain Defendants further seeks a declaratory judgement that the patents are not infringed and invalid, and seeks recovery of fees and costs in connection with their counterclaims.

## 4.    CONSOLIDATION

Vivato's statement: Vivato requests that the Court enter an order consolidating the ten Vivato cases for all pretrial purposes, Vivato requests the Court to consolidate the ten cases such that their case schedules are identical for all pretrial purposes.

For claim construction, Vivato requests that the Court modify S.P.R. 3.1–3.6 and order the Defendants to collaborate together as follows:

- Under S.P.R. 3.1, Vivato will provide Defendants with a list of claim terms to be construed, and Defendants will provide Vivato with a joint list of claim terms to be construed. The parties will then work to identify ten terms likely to be most significant to the case.

- Under S.P.R. 3.2, Defendants will jointly provide Vivato with their proposed constructions and evidentiary support and Vivato will provide Defendants with its proposed constructions and evidentiary support.

- Under S.P.R. 3.3, Vivato and Defendants will coordinate any depositions in accordance with the limits provided in section 6.4 below.

- Under S.P.R. 3.4, the parties in the ten Vivato cases will prepare a single, joint claim construction and prehearing statement, including the identification of the ten most significant terms. If the parties cannot agree on the ten most significant terms, then the parties will

RUSS, AUGUST & KABAT

identify the ones they agree are most significant and evenly divide the remainder between Vivato, on one hand, and the Defendants, on the other hand. For example, if there were four Defendants left in the case and agreement for identification of only six terms, Vivato would identify two additional terms, and the four Defendants would collectively identify two additional terms, for a total of ten. The parties will not identify more than ten terms as most significant.

- Under S.P.R. 3.5, Defendants will jointly prepare a single opening claim construction brief of no more than 25 pages, a single responsive claim construction brief of no more than 10 pages, and a single technology tutorial (of no more than 20 minutes) if desired. Vivato will also prepare an opening claim construction brief of no more than 25 pages, a responsive claim construction brief of no more than 10 pages, and a technology tutorial (of no more than 20 minutes) if desired.

- Under S.P.R. 3.6, the Court will conduct a joint *Markman* hearing with all parties in the ten Vivato cases, with Defendants limited to 45 minutes for their presentation and Vivato also limited to 45 minutes for its presentation.

Defendants' statement: Provided that there are adjustments to the case schedule in accordance with Defendants' proposed schedule (*see* Appendix A, attached hereto) to account for participation by numerous defendants with many different products, Defendants do not oppose pre-trial consolidation on the terms set forth as follows:

For claim construction, Defendants request the Court modify S.P.R. 3.1–3.6 as follows:

RUSS, AUGUST & KABAT

- Under S.P.R. 3.3, Vivato and Defendants will coordinate any depositions in accordance with the limits provided in section 6.4 below.
- Under S.P.R. 3.4, the parties in the ten Vivato cases will prepare a single, joint claim construction and prehearing statement, including the identification of the most significant terms.
- Under S.P.R. 3.5, Defendants will jointly prepare a single opening claim construction brief, a single responsive claim construction brief, and a single technology tutorial if desired.  Vivato will also prepare an opening claim construction brief, a responsive claim construction brief, and a technology tutorial if desired.  The parties shall meet and confer in good faith regarding any potential modification to the page limits set forth in the Standing Patent Rules, in light of the presence of ten defendants in a single consolidated action.
- Under S.P.R. 3.6, the Court will conduct a joint *Markman* hearing with all parties in the ten Vivato cases.  The parties shall meet and confer in good faith regarding any potential modification to the time constraints set forth in the Standing Patent Rules in light of the large number of defendants here.

**5.    CASE SCHEDULE**

In light of the fact that this consolidated action will include eleven parties, the parties request a modification of the default schedule set forth in the Court's Standing Patent Rules.  Vivato and Defendants' separate schedule proposals are set forth in Appendix A.

**6.    DISCOVERY**

**6.1.    Changes To Disclosures Under Rule 26(a)**

The Parties do not believe that any changes to the disclosures under Rule 26(a) are necessary.

### 6.2.   Subjects On Which Discovery May Be Needed And Whether Discovery Should Be Phased

The Parties do not propose phasing fact discovery. The Parties expect that fact discovery may be needed on at least the following subjects:

- The Patents-in-Suit;
- The file histories, prosecution, and priority dates of the Patents-in-Suit;
- Ownership of the Patents-in-Suit;
- Conception and reduction to practice of the alleged inventions claimed in the Patents-in-Suit;
- Defendants' knowledge of the Patents-in-Suit, if any;
- Vivato's licensing practices and activities, and/or attempts to license or sell the Patents-in-Suit;
- Prior art in the field and the validity or invalidity, and enforceability or unenforceability, of the Patents-in-Suit;
- The accused products;
- Defendants' development, production, marketing, and sales of the accused products;
- Defendants' affirmative defenses and counterclaims;
- The participation by Vivato or any affiliate or predecessor in any standard-setting body;
- The inventors of the patents-in-suit;
- Any attempts by Vivato or any predecessor to make and sell products purportedly embodying the Patents-in-Suit, including any purported marking of such products; and
- The basis for the determination of a reasonable royalty for Defendants' infringement of the Patents-in-Suit, if any.

RUSS, AUGUST & KABAT

Additionally, Vivato believes that discovery may be needed on the following subjects:

- Defendants' patent licensing practices and activities;
- Defendants' prosecution of patents citing any of the Patents-in-Suit or related publications;
- Defendants' business practices concerning procurement of intellectual property associated with its products and services; and
- Defendants' business practices concerning patent clearance, freedom to operate, and due diligence associated with its products and services.

Additionally, Defendants believe that discovery may be needed on the following subjects:

- Vivato's commercial efforts and lack of commercial success;
- Vivato and XR Communications' corporate histories; and
- The assignment and transfer of interest in the rights of the Patents-in-Suit.

### 6.3.   Discovery Conducted So Far

The Parties have already exchanged initial disclosures. Further, in accordance with S.P.R. 2.1 and 2.2, Vivato has served Defendants its infringement contentions and claim charts, and accompanying document production. Defendants' analysis of Plaintiff's infringement contentions is ongoing, and Defendants will advise the Court if its intervention is required to address any issues with the contentions.

### 6.4.   Changes To Limitations On Discovery

<u>Vivato's statement</u>: Due to the disparity between the number of plaintiffs and number of defendants in the ten cases, and in the interest of justice and conservation of the parties' resources, Vivato respectfully requests the Court to

consolidate discovery in the ten cases and to enter an order modifying discovery limits as follows:[3]

- *Interrogatories:* Vivato may serve 15 common interrogatories on all Defendants, and an additional 15 interrogatories on each defendant. Defendants collectively may serve 15 common interrogatories on Vivato, and each defendant may serve an additional 15 interrogatories on Vivato.

- *Requests for Production:* Vivato may serve 50 common requests for production on all Defendants, and an additional 50 requests for production on each defendant. Defendants collectively may serve 50 common requests for production on Vivato, and each defendant may serve an additional 50 requests for production on Vivato.

- *Requests for Admission:* Vivato may serve 30 common requests for admission on all Defendants, and an additional 30 requests for admission on each defendant. Defendants collectively may serve 30 common requests for admission on Vivato, and each defendant may serve an additional 30 requests for admission on Vivato.

- *Fact Deposition Time:* Vivato is entitled to 70 hours of fact deposition time for each defendant, including depositions of third-party witnesses. Defendants collectively are entitled to 70 total hours of fact deposition time, including depositions of third-party witnesses. No fact witness may be deposed for more than 7 hours between the ten cases. For example, to the extent the Defendants desire to depose a witness (e.g., an inventor of the Patents-in-Suit), the Defendants must coordinate to limit the total deposition time of the witness to 7 hours.

RUSS, AUGUST & KABAT

---

[3] ASUS Computer International and ASUSTeK Computer Inc. are considered to be a single defendant for purposes of this section on limitations on discovery.

15

- *Expert Deposition Time:* An expert that submits a report on behalf of or addressing more than one defendant may be deposed up to a maximum of 14 hours. For example, to the extent Vivato desires to depose an expert that submitted a report on behalf of all ten Defendants, Vivato would be limited to 14 hours of deposition time for this expert. As another example, to the extent the Defendants desire to depose a Vivato expert that submitted a report addressing the Defendants, the Defendants must coordinate to limit the total deposition time of this expert to 14 hours. Expert deposition time is excluded from the fact deposition time above.

Defendants' statement: Provided that there are adjustments to the case schedule in accordance with Defendants' proposed schedule (*see* Appendix A, attached hereto) to account for participation by numerous defendants with many different products, and in the interest of justice and conservation of the parties' resources, Defendants do not oppose consolidating discovery in the ten cases with modified discovery limits as follows:[4]

- *Interrogatories:* Vivato may serve 10 common interrogatories on all Defendants, and an additional 20 interrogatories on each defendant. Defendants collectively may serve 10 common interrogatories on Vivato, and each defendant may serve an additional 20 interrogatories on Vivato.
- *Requests for Production:* Agree with Plaintiff's proposal.
- *Requests for Admission:* Agree with Plaintiff's proposal, with the added proviso that RFAs related to the authenticity or admissibility of documents shall be unlimited.

---

[4] ASUS Computer International and ASUSTeK Computer Inc. are considered to be a single defendant for purposes of this section on limitations on discovery.

16

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

- *Fact Deposition Time:* Vivato is entitled to 28 hours of fact deposition time for each defendant and 77 hours of fact deposition time for non-party witnesses collectively.  Defendants collectively are entitled to 95 total hours of fact deposition time for party witnesses[5] and 77 hours of fact deposition time for non-party witnesses.[6]  No fact witness may be deposed for more than 7 hours between the ten cases, except that each named inventor may be deposed for up to 14 hours.  For example, to the extent the Defendants desire to depose a witness, the Defendants must coordinate to limit the total deposition time of the witness to 7 hours (or 14 hours for a named inventor).

- *Expert Deposition Time:* Vivato may depose an expert that submits a report on behalf of more than one defendant up to a maximum of 14 hours, consistent with Vivato's proposal that it requires no more than 14 hours per expert.  For example, to the extent Vivato desires to depose an expert that submitted a report on behalf of all ten Defendants, Vivato would be limited to 14 hours of deposition time for this expert.  Defendants contend that 14 hours is not enough time for them to depose Vivato's experts, who offer expert reports applicable to multiple defendants (*i.e.*, at least two and as many as ten defendants), most of whom do not share counsel and may each have Defendant-specific issues related to liability.  Accordingly, Defendants propose that they may depose a Vivato expert that submits a report addressing more than one defendant up to a maximum of 14

---

[5]  Based on Vivato's representations, the named inventors—James Brennan, Eduardo Casas, William J. Crilly, Jr., Ken Biba, and Robert J. Conley—shall be considered party witnesses for purposes of these deposition limits, and Vivato has confirmed that it will accept Notices of Deposition under Fed. R. Civ. P. 30.

[6] Should fewer than all defendants settle or be dismissed from this matter, then all remaining deposition time will be allocated among the remaining defendants.

17

hours, plus an additional 3 hours for each additional defendant addressed in the report beyond the first Defendant. Defendants request this modest adjustment of deposition time to permit each Defendant to address Defendant-specific issues. As an example, to the extent the Defendants desire to depose a Vivato expert that submitted a report addressing all ten Defendants, the Defendants must coordinate to limit the total deposition time of this expert to 14 hours, plus an additional 3 hours for each of the nine additional defendant addressed in the report. Defendants agree to coordinate and to make efficient use of time. Expert deposition time is excluded from the fact deposition time above.

### 6.5.   Other Discovery Issues

Vivato's statement: Vivato does not propose any changes to the Court's Standing Protective Order and the Standing E-Discovery Order.

Defendants' statement: Defendants propose that the Court's standing E-Discovery Order be modified to exclude the production of email. Should a Party believe in good faith that an opposing Party's or third-party's initial document production is inadequate, the Parties shall meet and confer further regarding whether a limited production of email is warranted under the circumstances.

Defendants further propose that, pursuant to paragraph 2 of the Court's Standing E-Discovery Order, the parties meet and confer in good faith and report back to the Court 30 days from the scheduling conference regarding any other appropriate modifications to the Court's Standing E-Discovery Order and any appropriate modifications to the Court's Standing Protective Order, in light of the large number of parties who will be in the consolidated action and the time needed to pursue an agreement across all parties.

### 7.    MOTIONS

The parties each anticipate that they may file one or more motions for summary judgment at the appropriate time and reserves the right to file additional motions as the case develops and the need arises. The parties also anticipates that they will file motions in limine at the appropriate time.

Vivato's additional statement: Vivato proposes a modest modification to the motion cutoff date outlined in the Court's Standing Patent Rules.

Defendants' additional statement: Defendants do not oppose consolidation assuming the adoption of a proposed modest modification of the schedule set forth in the Standing Patent Rules, as shown in Appendix A hereto.

### 8.    ADR AND SETTLEMENT DISCUSSIONS

All parties except for Extreme agree to private dispute resolution in accordance with Local Rule 16-15.4, ADR Procedure No. 3 (private mediation). Extreme requests dispute resolution in accordance with Local Rule 16-15.4, ADR Procedure No. 2 (a neutral selected from the Court's Mediation Panel). Vivato has had some preliminary discussions regarding settlements with several of the Defendants.  The parties understand the presentation of their positions regarding ADR and Settlement Discussions in this Rule 26(f) report to satisfy their obligations under L.R. 16-15.2 and the Court's Order re Early Meeting of the Parties and Scheduling Conference at ¶ 1.

### 9.    TRIAL

The Parties request a jury trial on all issues to which a party is entitled to a jury. The parties also request a separate trial for each of the Defendants. The parties expect each trial to last about five court days.

Vivato's statement: For each of the Defendants, Vivato expects to call between four and eight witnesses at each trial.

Defendants' statement: It is premature to estimate the number of witnesses that Defendants may call or other details concerning each trial.

## 10.   ADDITIONAL PARTIES

<u>Vivato's statement</u>: Due to the impending acquisition of Ruckus Wireless, Inc. by Arris International plc ("Arris") from Brocade Communications Systems, Inc. ("Brocade"), Vivato may add Arris as a party to the Ruckus case: *XR Commc'ns, LLC v. Ruckus Wireless, Inc.*, Case No. 2:17-cv-02961-AG(JCGx). Vivato may also add Brocade to the Ruckus case. Upon information and belief, Vivato believes the acquisition by Arris will be completed by January 2018.

<u>Defendants' statement</u>: Defendants do not presently plan to add any party to this action, but reserve the right to do so in accordance with the schedule set forth in Appendix A hereto and the federal and local rules and standing orders applicable to this action.

## 11.   STANDING PATENT RULES

<u>The parties</u> do not propose any changes to the Court's Standing Patent Rules except as noted above in Sections 4 through 8 and in the proposed Case Schedule, attached hereto as Appendix A.  Under S.P.R. 1.4, Defendants reserve the right to propose modifications to these rules as appropriate, upon a showing of good cause.

## 13.   COMPLEX CASE

Plaintiff does not believe that this is a complex case.  Defendants believe that this is a complex case, at least because there are 11 parties, with over 130 accused products, 3 patents-in-suit and 28 asserted claims.

## 14.   MAGISTRATES

The Parties do not consent to proceeding before a magistrate judge.

RULE 26(F) REPORT

1

2    DATED: September 25, 2017        Respectfully submitted,

3

4                                    **RUSS AUGUST & KABAT**

5                                    By: */s/ Christian Conkle*
                                         Reza Mirzaie
6                                        Marc A. Fenster
                                         Philip X. Wang
7                                        Kent N. Shum
                                         Christian Conkle
8                                        James N. Pickens

9

10                                   *Attorneys for Plaintiff*
                                     XR COMMUNICATIONS, LLC,
11                                   dba VIVATO TECHNOLOGIES

12

13                                   **COVINGTON AND BURLING LLP**

14                                   By: */s/ Robert T Haslam*
                                         Robert T Haslam
15                                       333 Twin Dolphin Drive Suite 700
                                         Redwood Shores, CA 94065
16                                       650-632-4700
                                         Fax: 650-632-4800
17                                       Email: rhaslam@cov.com
18

19                                       Mark Y Chen
                                         1999 Avenue of the Stars Suite 3500
20                                       Los Angeles, CA 90067-4643
                                         Tele: 424/332-4800
21                                       Email: mychen@cov.com
22

23                                       David A. Garr
                                         850 10th St. NW
24                                       Washington, D.C. 20001
                                         Tele: 202/662-6000
25                                       Fax: 202/662-6291
                                         Email: dgarr@cov.com
26

27

28

21

1

*Attorneys for Defendant*
*Aruba Networks, Inc.*

**DLA PIPER LLP**

By: */s/ John M Guaragna*
    John M Guaragna
    Jeffrey R. Cole
    401 Congress Avenue Suite 2500
    Austin, TX 78701
    Tele: 512/457-7000
    Fax: 512/457-7001
    Email: john.guaragna@dlapiper.com
    Email: jeff.cole@dlapiper.com

    Michael Piazza
    2000 Avenue of the Stars, Suite 400
    North Tower
    Los Angeles, CA 90067-4704
    Tel:  310/595-3000
    Fax:  310/595-3300
    Email: mike.piazza@dlapiper.com

*Attorneys for Defendant*
Newo Corporation dba Amped Wireless

**DYKEMA GOSSETT LLP**

By: */s/ Abirami Gnanadesigan*
    Abirami Gnanadesigan
    Allan Gabriel
    333 South Grand Avenue Suite 2100
    Los Angeles, CA 90071
    Tele: 213/457-1800
    Fax: 855/262-1850
    Email: agnanadesigan@dykema.com
    Email: agabriel@dykema.com

RUSS, AUGUST & KABAT

Matthew J. Rizzolo
**ROPES and GRAY LLP**
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Tele: 202/383-9856
Email: Matthew.Rizzolo@ropesgray.com

*Attorneys for Defendant*
Extreme Networks, Inc*.*

**LAW OFFICES OF**
**S.J. CHRISTINE YANG**

By:     */s/* Christine Yang
         Christine Yang
         17220 Newhope Street, Suite 101-102
         Fountain Valley, CA 92708
         Tele: 714/641-4022
         Fax: 714/641-2082
         Email: chrisyang@sjclawpc.com

*Attorneys for Defendant*
D-Link Systems, Inc.

**DUANE MORRIS LLP**

By: */s/* Audra Lynn Thompson
       Audra Lynn Thompson
       865 South Figueroa Street Suite 3100
       Los Angeles, CA 90071-5450
       Tele: 213/689-7400
       Fax: 213689 7401
       Email: athompson@duanemorris.com

       Matthew S. Yungwirth
       Alice E. Snedeker
       1075 Peachtree Street, Suite 2000
       Atlanta, Georgia 30309
       Tele: 404/253-6900
       Fax: 404/253-6901

Email: myungwirth@duanemorris.com
Email: aesnedeker@duanemorris.com

*Attorneys for Defendant*
Belkin International, Inc.

**KIRKLAND & ELLIS LLP**

By: */s/ Michael W. De Vries*
    Michael W. De Vries
    Sarah L. Forney
    333 South Hope Street
    Los Angeles, CA 90071
    Tele: 213/680-8400
    Fax: 213/680-8500
    Email: michael.devries@kirkland.com
    Email: sarah.forney@kirkland.com

    Adam R. Alper
    Sarah E. Piepmeier
    555 California Street
    San Francisco, CA 94104
    Tele: 415/439-1400
    Fax: 415/439-1500
    Email: adam.alper@kirkland.com
    Email: sarah.piepmeier@kirkland.com

*Attorneys for Defendant*
Cisco Systems, Inc.

**DUANE MORRIS LLP**

By:  */s/ Audra Lynn Thompson*
    Audra Lynn Thompson
    865 South Figueroa Street Suite 3100
    Los Angeles, CA 90071-5450
    Tele: 213/689-7400
    Fax: 213/689 7401
    Email: athompson@duanemorris.com

    Matthew S. Yungwir**h**
    Alice E. Snedeker

1075 Peachtree Street NE, Suite 2000
Atlanta, GA 30309-3929
Tel: 404/253-6935
Email: MSYungwirth@duanemorris.com
Email: AESnedeker@duanemorris.com

*Attorneys for Defendant*
Netgear, Inc.

**SIMPSON THACHER & BARTLETT LLP**

By:   */s/ Harrison J. Frahn IV*
      Harrison J. Frahn IV
      Jonathan C. Sanders
      Bo "Bryan" Jin
      2475 Hanover Street
      Palo Alto, CA 94304
      Tele: 650/251-5000
      Facsimile: 650/251-5002
      Email: hfrahn@stblaw.com
      Email jsanders@stblaw.com
      Email: bryan.jin@stblaw.com

*Attorneys for Defendant*
Ubiquiti Networks, Inc.

**KASOWITZ BENSON TORRES LLP**

By:   */s/ Jonathan K. Waldrop*
      Jonathan K. Waldrop
      Darcy L. Jones
      Marcus A. Barber
      Heather S. Kim
      Jack Shaw
      John W. Downing
      333 Twin Dolphin Drive, Suite 200
      Redwood Shores, California 94065
      Tele: 650/453-5170
      Fax: 650/453-5171
      Email: jwaldrop@kasowitz.com
      Email: djones@kasowitz.com
      Email: mbarber@kasowitz.com

25

RUSS, AUGUST & KABAT

Email: hkim@kasowitz.com
Email: jshaw@kasowitz.com
Email: jdowning@kasowitz.com

*Attorneys for Defendant*
ASUS Computer International
and ASUSTek Computer, Inc..

RUSS, AUGUST & KABAT

## APPENDIX A - PROPOSED CASE SCHEDULE

| Event | Vivato's Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| S.P.R. 2.4 - Scheduling Conference | 10/2/2017 | 10/2/2017 |
| S.P.R. 2.5, 2.6 - Invalidity Contentions and Accompanying Document Production | 10/16/2017 | 11/17/2017 |
| S.P.R. 3.1 - Exchange of Proposed Terms for Construction | 10/30/2017 | 12/8/2017 |
| S.P.R. 3.2 - Exchange of Claim Constructions and Extrinsic Evidence | 11/13/2017 | 1/9/2018 |
| S.P.R. 3.3 - Completion of Claim Construction Discovery | 12/11/2017 | 2/23/2018 |
| S.P.R. 3.4 - Joint Claim Construction and Prehearing Statement | 12/18/2017 | 3/9/2018 |
| S.P.R. 3.5 - Opening Claim Construction Briefs | 1/15/2018 | 3/23/2018 |
| S.P.R. 3.5 - Responsive Claim Construction Briefs, Presentation Material, and Technology Tutorial | 2/5/2018 | 4/20/2018 |
| S.P.R. 3.6 - Claim Construction Hearing | 2/26/2018 | 5/21/2018 |
| Court's Claim Construction Order | TBD | TBD |
| Final Infringement Contentions | Claim Construction Order +28 days | Claim Construction Order +28 days |
| Final Invalidity Contentions | Final Infringement Contentions +28 | Final Infringement Contentions +35 |

RUSS, AUGUST & KABAT

| | | |
|---|---|---|
| | days | days |
| Close of Fact Discovery | Final Invalidity Contentions +21 days | Final Invalidity Contentions +21 days |
| Simultaneous Opening Expert Reports by the parties on issues where they bear the burden of proof | Close of Fact Discovery +14 days | Close of Fact Discovery +21 days |
| Simultaneous Rebuttal Expert Reports | Opening Expert Reports +28 days | Opening Expert Reports +28 days |
| Close of Expert Discovery | Rebuttal Expert Reports +28 days | Rebuttal Expert Reports +28 days |
| S.P.R. 4.4 - Advice of Counsel | Claim Construction Order +28 days | Final Infringement Contentions +35 days |
| S.P.R. 4.5 - Final Day for Filing Dispositive Motions | Close of Expert Discovery +21 days | Close of Expert Discovery +21 days |
| Pretrial Conference | S.P.R. 4.5 +84 days | S.P.R. 4.5 +112 days |
| Trial Date for First Defendant | Pretrial Conference +15 days<br><br>[Approx. Jan. 7, 2019] | Pretrial Conference +15 days<br><br>MAY 27, 2019 |