1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, | Case No. 2:17-CV-02953-DOC |
| *Plaintiff,* | **FINAL JUDGMENT** |
| *v.* | |
| EXTREME NETWORKS, INC., | |
| *Defendant.* | |

RUSS, AUGUST & KABAT

1     Case No. 2:17-CV-2953 is a patent infringement action brought by Plaintiff XR

2     Communications, LLC, dba Vivato Technologies ("Vivato") against Defendant

3     Extreme Networks, Inc. ("Extreme"). The Court has jurisdiction over this action pursuant to

4     28 U.S.C. §§ 1331 and 1338. The claims asserted by Vivato against Extreme in this case

5     relate to three patents-in-suit: U.S. Patent No. 7,062,296 (the "'296 patent"); U.S. Patent

6     No. 7,729,728 (the "'728 patent"); and U.S. Patent No. 6,611,231 (the "'231 patent").

7     All asserted claims from the '296 patent and the '728 patent were cancelled by the

8     U.S. Patent Office pursuant to Final Written Decisions of the Patent Trial and Appeal Board

9     in *Inter Partes* Review proceedings IPR2018-00725, IPR2018-00726, IPR2018-00763,

10    IPR2018-00764, IPR2018-01017, and IPR2018-01018. Therefore, all claims relating to

11    those two patents are hereby dismissed.

12    On January 4, 2022, this Court entered an order (as Dkt. No. 274 in

13    *XR Communications, LLC v. D-Link Systems, Inc. et al.,* Case No. 8:17-cv-00596-DOC-

14    JDE (Lead Case)) granting Extreme's motion for judgment on the pleadings as to all claims

15    relating to the '231 patent based on collateral estoppel arising from final judgment of

16    indefiniteness from the Northern District of California (*see* Dkt. Nos. 191, 193, 194, *XR*

17    *Communications, LLC v. Ruckus Wireless*, 3:18-cv-01992-WHO).

18    THEREFORE, IT IS ORDERED AND ADJUDGED that: Final judgment is hereby

19    entered in favor of Extreme and against Vivato on all remaining claims in this case asserted

20    against Extreme.

21

22

23

24

25

26

27

28

1

This final judgment is without prejudice to the Parties' rights to appeal any past or future order or judgment in the case or this present judgment. If the final judgment of indefiniteness from the Northern District of California is vacated or reversed in part or in whole at the Federal Circuit, the Parties shall be able to renew their respective claims and/or defenses relating to the '231 patent in this action.

IT IS SO ORDERED

Date: _____ April 15 _, 2022          _David O. Carter_____

Honorable David O. Carter
United States District Judge